T.C. Summary Opinion 2017-89

UNITED STATES TAX COURT

DMITRIY SHVETSOV, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7042-16S.                    Filed December 5, 2017.

Dmitriy Shvetsov, pro se.

<u>Amy Chang</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to section 7463[1] of the

Internal Revenue Code in effect when the petition was filed.  Pursuant to section

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Following a brief trial and after concessions by respondent, the remaining issues for our consideration are whether petitioner is entitled for 2014 to head of household filing status and an earned income credit on the basis of his having one qualified child.

Background

Petitioner resided in Washington State at the time his petition was filed. He was divorced during 2007, at a time when he and his former wife had two children. Petitioner is not proficient in English; his native tongue is Russian.[2] As part of the divorce agreement or understanding, petitioner was to be entitled to claim one of the two children as a dependent. Subsequently, at a hearing involving the payment of child support, petitioner asked the presiding Washington State court judge whether he would be entitled to all of the Federal tax benefits for one of his two children. The judge assured petitioner that he would be entitled to all of the Federal tax benefits for one child. On the basis of that assurance, petitioner agreed to pay a certain amount of child support.

---

[2]At the trial petitioner addressed the Court and testified through a Russian language interpreter.

During 2014 both of petitioner's children lived with his former wife for the entire year. For his 2014 tax year petitioner filed a Federal income tax return claiming head of household filing status. He listed one of his two children as a dependent and claimed a dependency exemption for that child. He also claimed child tax credits and an earned income credit on the basis of one dependent child. Respondent issued a notice of deficiency for 2014 to petitioner in which the dependency exemption and all claimed credits were disallowed and a $4,596 income tax deficiency was determined. Petitioner disagreed and filed a petition with this Court.

After the petition was filed, petitioner provided respondent with the written agreement with his former wife (the custodial parent of both children) consenting to petitioner's claiming one of their two children. On the basis of that form, respondent has conceded that petitioner is entitled to one dependency exemption and the child tax credits. The remaining items in dispute are the head of household filing status and an earned income credit based on one dependent. Respondent's concessions result in a reduced income tax deficiency of $3,189.

## Discussion

Respondent's sole contention is that petitioner must have a qualifying child within the meaning of section 152(c) to be entitled to head of household filing

status and/or an earned income credit based on one dependent. Petitioner does not contend that he has a qualified child within the meaning of section 152(c). He contends that the Washington State court judge "awarded" him all tax benefits associated with one child and that petitioner should be entitled to rely on that to claim head of household filing status and the larger earned income credit based upon one qualified dependent.

Head of household filing status is defined in section 2(b) as follows:

> SEC. 2(b). Definition of Head of Household.--
>
> (1) In general.--For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in subsection (a)), and either--
>
> (A) maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of--
>
> (i) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), but not if such child--
>
> (I) is married at the close of the taxpayer's taxable year, and
>
> (II) is not a dependent of such individual by reason of section 152(b)(2) or 152(b)(3), or both, or

(ii) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151, or

(B) maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151.

For purposes of this paragraph, an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.

A child may qualify a taxpayer for a dependency exemption or a child tax credit without living with the taxpayer during the taxable year. However, for head of household filing status, as defined above, the taxpayer must have a qualified dependent. The requirements for a "qualified dependent" are found in section 152(c), which provides as follows:

SEC. 152(c). Qualifying Child.-- For purposes of this section--

(1) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(A) who bears a relationship to the taxpayer described in paragraph (2),

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year,

(C) who meets the age requirements of paragraph (3),

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins, and

(E) who has not filed a joint return (other than only for a claim of refund) with the individual's spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

The critical aspect of that definition as it relates to this case is that the child or dependent must live with the taxpayer for more than one-half of the taxable year. The earned income credit, as provided in section 32, permits a larger percentage credit for a taxpayer with one or more "qualifying" children. Respondent agrees that petitioner is entitled to an earned income credit as an individual without a qualifying child. However, a qualifying child must also live with the taxpayer for more than one-half of the taxable year for the increased credit to be available.

Accordingly, under the Internal Revenue Code, petitioner is not entitled to claim head of household filing status because the child he claims as a dependent did not live with him during 2014.

Petitioner's argument that a Washington State court judge assured him of his entitlement to all the tax benefits associated for one child is insufficient to change the statute which provides otherwise. We are sympathetic with petitioner in this situation because his belief that he was entitled to head of household filing status and an increased earned income credit may have been due to his lack of understanding of English and his reliance on the statement of a State court judge. Because the child in question did not live with petitioner during 2014, that child is not a "qualifying child" for purposes of head of household filing status or the larger percentage earned income credit based on a qualified child.

To reflect the foregoing and on account of concessions of respondent,

<u>Decision will be entered</u>

<u>pursuant to Rule 155</u>.